**Jose SANCHEZ et al.,**
**Plaintiffs-Appellants,**

v.

**W. C. McDANIEL et al.,**
**Defendants-Appellees.**

**No. 80–1108.**

United States Court of Appeals,
Fifth Circuit.

April 14, 1980.

Rehearing and Rehearing En Banc
Denied May 12, 1980.

Robert James Parmley, Tex. Rural Legal Aid, Inc., Kerrville, Tex., for plaintiffs-appellants.

Gary, Thomasson, Hall & Marks, Richard A. Hall, Corpus Christi, Tex., for defendants-appellees.

Before CHARLES CLARK, VANCE, and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This action is before us on the appellants' motions for summary reversal or, in the

alternative, an injunction pending appeal. The judgment of the district court is vacated and this action is remanded to the district court for further proceedings consistent herewith.[1]

The district court determined that the 1968 Kleberg County, Texas, apportionment plan violated the constitutional principle of one man, one vote. It directed the appellees to submit a proposed reapportionment plan by November 13, 1979. In response to the district court's order, the Kleberg County Commissioners' Court employed Dr. Robert T. Nash to prepare a reapportionment plan. The Commissioner's Court reviewed Dr. Nash's work and officially adopted his proposal as the plan it would submit to the district court.

The district court held a hearing on December 10, 1979, to determine the validity of the proposed reapportionment plan. In an order dated January 10, 1980, the district court rejected the appellants' objections to the proposed reapportionment plan, approving its use for the 1980 primary and general elections. In so doing, the court reasoned that, because the "Kleberg County Commissioners' Court did not reapportion the Commissioners' Court precincts on their own authority, but instead did so in response to a court order," the reapportionment plan "is a court-ordered plan rather than a court-adopted plan and therefore is not subject to [the] pre-clearance provisions of the Voting Rights Act." We disagree.

The United States Supreme Court in *Wise v. Lipscomb*, 437 U.S. 535, 98 S.Ct. 2493, 57 L.Ed.2d 411 (1978), considered the relationship between court-ordered reapportionment plans and legislative reapportionment plans. The Court recognized that the reapportionment of legislative bodies is the responsibility of the legislature, stating that it is only "when those with legislative responsibilities do not respond, or the imminence of a state election makes it impractical for them to do so, [that] it becomes the 'unwelcome obligation' . . . of the

federal court to devise and impose a reapportionment plan pending later legislative action." *Id.* at 540, 98 S.Ct. at 2497, 57 L.Ed.2d at 417. It recognized that

> [w]hen a federal court declares an existing apportionment scheme unconstitutional, it is . . . appropriate, whenever practicable, to afford a reasonable opportunity for the legislature to meet constitutional requirements by adopting a substitute measure rather than for the federal court to devise and order into effect its own plan. The new *legislative* plan, if forthcoming, will then be the governing law unless it, too, is challenged and found to violate the Constitution.

*Id.* (Emphasis added.)

A proposed reapportionment plan submitted by a local legislative body does not lose its status as a legislative rather than court-ordered plan merely because it is the product of litigation conducted in a federal forum. As the Supreme Court stated, "[a] new reapportionment plan enacted by a State, including one purportedly adopted in response to invalidation of the prior plan by a federal court will not be considered 'effective as law,' . . . until it has been submitted and has received clearance under § 5 [of the Voting Rights Act of 1965]." *Id.* at 542, 98 S.Ct. at 2498, 57 L.Ed.2d at 418. By submitting a proposed reapportionment plan to the district court, the Kleberg County Commissioners' Court complied with and fulfilled its legislative responsibility. *See Id.* at 546, 98 S.Ct. at 2500, 57 L.Ed.2d at 421. The proposed legislative plan is subject to the preclearance provisions of § 5 of the Voting Rights Act of 1965. Accordingly, the district court erred in considering the constitutionality of the proposed plan.

We are aware that the Kleberg County Commissioners' primary election presently is scheduled for May, 1980. On remand, the district court may, on appropriate motion, enter such relief as is necessary and appropriate.

---

1. It is appropriate to dispose of this case summarily. See *Groendyke Transportation, Inc. v. Davis*, 5 Cir., 1969, 406 F.2d 1158.

Because of our disposition of this action, we pretermit deciding and intimate no opinion as to the validity of the proposed reapportionment plan.

VACATED and REMANDED.